JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4697 PA (AGRx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Carol J. Stone v. Steve Atherton, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiff Carol J. Stone ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Notice of Removal alleges that Plaintiff is a citizen of the state of California because (1) "she pleads ownership and residency of a home" in Camarillo, California and (2) she filed a Voluntary Petition for Chapter 7 Bankruptcy Protection in the Northern District of California in which she indicated that she "has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date" of the petition. Although the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4697 PA (AGRx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Carol J. Stone v. Steve Atherton, et al. | | |

location of Plaintiff's real property is one factor to consider in determining domicile, and therefore citizenship,[1] Wells Fargo elsewhere takes the position that "title to the subject party was fully and finally litigated" against Plaintiff. Second, the bankruptcy petition, in which Plaintiff provides a different address, includes a disjunctive list that may be satisfied by mere residence (as opposed to domicile). Because an individual is not necessarily domiciled where he or she resides, Wells Fargo's allegations of Plaintiff's citizenship, based on allegations of residence, are insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.[2]

---

[1] See Heinz v. Havelock, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) ("The determination of domicile involves a number of factors including: 'current residence, voting registration and voting practices, location of personal and real property, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.'") (internal citations omitted).

[2] Even if Defendant had affirmatively alleged Plaintiff's California citizenship, Defendant has not demonstrated that defendants Steve Atherton and Atherton Enterprises, Inc., both of whom "appear to be California citizens," are fraudulently joined. First, although Wells Fargo claims that "the only allegation against [Steve Atherton] is that he is the registered agent for service of process for [Atherton] Enterprises," Plaintiff's Complaint actually identifies him as both president and agent of service of process. Second, Defendant's citation to Vella v. Hudgins, 20 Cal. 3d 251, 256 (1977) for the proposition that "[t]he general rule of res judicata applies to post-eviction claims, and 'subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment'" does not establish that Plaintiff's quiet title and ejectment causes of action against Steve Atherton and Atherton Enterprises should be ignored for purposes of diversity. The court in Vella noted that while "the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment," applicability of this rule is "much less clear" where "the claim sought to be asserted in the second action encompasses activities not directly connected with the conduct of the sale." Id. The court ultimately held that "[i]n the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary proceeding." Id. at 258. Here, Plaintiff's causes of action are not limited to activities directly connected with the conduct of the sale, and the record of the unlawful detainer action is extremely thin. Although Plaintiff's Answer in that action raised an affirmative defense based on a "fraudulent instrument," the Judgment, which does not include a statement of decision, does not establish that the issues raised in the instant action were fully litigated in the unlawful detainer action.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4697 PA (AGRx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Carol J. Stone v. Steve Atherton, et al. | | |

    For the foregoing reason, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to the Ventura County Superior Court, Case No. 56-2015-00464960-CU-FR-VTA.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.